IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBBY LYNN HARMON                                                                                          PLAINTIFF

v.                                         Civil No. 4:21-cv-04014

SHERIFF JACKIE RUNION, Miller
County, Arkansas; WARDEN JEFFIE
WALKER; CAPTAIN GOLDEN ADAMS;
DR. TIMOTHY REYNOLDS, Southern
Health Partners; DR. KEVIN MCCAIN,
Southern Health Partners; NURSE PRACTITIONER
STEVEN FOLTZ, Southern Health Partners;
NURSE LONI REDFERN, Southern Health
Partners; NURSE CHELSEY FOSTER, Southern
Health Partners; NURSE LISA DAVIDSON,
Southern Health Partners; OFFICER ADMIN G;
and NURSE STEVEN KING                                                                                    DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff's Motion to Reopen (ECF No. 35). Plaintiff, Robby Lynn Harmon, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's application to proceed in forma pauperis was granted on April 13, 2021. (ECF No. 11).

On October 22, 2021, this Court directed Plaintiff to respond to the Medical Defendants' Motion for Summary Judgment (ECF No. 22) by November 12, 2021. (ECF No. 25). On October 25, 2021, this Court directed Plaintiff to respond to the Separate County Defendants Walker, Adams, Landreth and Runion's Motion for Summary Judgment (ECF No. 26) by November 15, 2021. (ECF No. 29). Plaintiff did not respond to either of the Motions.

On November 29, 2021, an Order to show cause was entered. (ECF No. 31). Plaintiff was given until December 20, 2021, to show cause why this action should not be dismissed for failure to obey an order of the Court. *Id*.

1

On December 14, 2021, Plaintiff responded to the show cause Order. (ECF No. 32). Plaintiff stated that he was in "Court in Bouie County, Texas" for "the last 6 months." *Id*. And that after being returned to the Arkansas Department of Corrections he was on COVID quarantine until November 30, 2021. Plaintiff asked for 60 days to respond to the Defendants' motions for summary judgment. *Id.*

Based on Plaintiff's response to the show cause Order, he was given until January 14, 2022, to respond to the motions for summary judgment. (ECF No. 33). Plaintiff did not respond to the motions by January 14, 2022.

In an Order entered January 24, 2022, the Court dismissed Plaintiff's Amended Complaint due to his failure to comply with a Court Order and failure to prosecute the action. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); Local Rule 5.5(c)(2). (ECF No. 34)

Plaintiff now seeks to reopen this action. (ECF No. 35). Plaintiff states he attempted to comply with the Court's Order concerning his summary judgment response, but the prison mail system caused a delay. The Court finds that there is good cause to reopen this matter and that, therefore, Plaintiff's Motion to Reopen (ECF No. 35) is **GRANTED**. **The Clerk is DIRECTED to reopen this case and return the motions for summary judgment (ECF No. 22, 26) to the Court's active docket.**

Further, Plaintiff is directed to file a response to the pending motions for summary judgment (ECF No. 22, 26) **by March 14, 2022**. At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See Fed.R.Civ.P. 56(e). This means the response must include legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person

executing the affidavit <u>and must be either</u>: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. 1746.

Furthermore, Plaintiff must <u>also separately</u> file a Statement of Disputed Facts, which lists: (a) any disagreement with the specifically numbered factual assertions contained in the Statement of Undisputed Facts filed by the Defendant; and (b) any other disputed facts that must be resolved at a hearing or trial.

If Plaintiff disputes any of the facts set forth by the Defendant in the Statement of Undisputed Facts, each numbered paragraph <u>must be identified</u> that contains the fact in dispute <u>and</u>, for each paragraph identified, explain <u>why</u> there is a dispute.

Plaintiff is advised that if he intends to rely upon any records or exhibits that have been previously filed with the Court, Plaintiff must specifically refer to those documents by ECF document and page numbers. The Court will <u>not</u> sift through the file to find support for the factual contentions. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages in the record that supported his position).

Plaintiff is further advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth by the Defendant in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).

IT IS SO ORDERED this 14th day of February 2022.

/s/ Barry A. Bryant<br>
HON. BARRY A. BRYANT<br>
UNITED STATES MAGISTRATE